UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-cv-60448-RAR

EOX TECHNOLOGY SOLUTIONS, INC.,
a Florida corporation,

 Plaintiff,

v.

LYDIE BRIGITTE GALASSO,

 Defendant.
_____/

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S RENEWED MOTION FOR PRESERVATION OF EVIDENCE**

 EOX TECHNOLOGY SOLUTIONS, INC. ("**Plaintiff**" or the "**Judgment Creditor**"), by counsel, hereby files its *Reply To Defendant's Response In Opposition To Plaintiff's Renewed Motion For Preservation Of Evidence*, as follows:

 1. On March 10, 2023, Plaintiff filed a Complaint against Lydie Brigitte Galasso (the "**Defendant**") alleging that she and Beighley Myrick Udell & Lynne, P.A. ("**BMUL**") implemented a scheme to strip Flopro LLC (the "**Judgment Debtor**") of its assets and to cast aside its liability ridden shell after a jury returned a verdict in Plaintiff's favor in a state court action (the "**Bust Out Scheme**").[1]

 2. Plaintiff further alleged that the Bust Out Scheme included several phases including (a) post-jury verdict disbursements of the Judgment Debtor's funds from BMUL's bank account to the Defendant; (b) post jury-verdict conveyance of the Judgment Debtor's commercial properties to a third party and disbursement of the sales proceeds to the Defendant;

---

[1] *See* ECF No. 1 (Complaint) at ¶¶ 2-8, 10, 12, 20, 25, and 28.

and (c) post-jury verdict administrative dissolution of the Judgment Debtor after its assets were fraudulently transferred to the Defendant and others.[2]

3. In other words, before the jury verdict, Flopro was an active limited liability company that owned commercial properties worth over $2 million for nearly a decade and was owed substantial rental income on hand in BMUL's bank account. After the jury verdict, Flopro had no properties, no rents, and was administratively dissolved.[3] With actual knowledge of Plaintiff's claim, the Defendant and BMUL worked together to effectuate fraudulent transfers of the entirety of Flopro's assets to the Defendant and others with the specific intent and purpose of defrauding, delaying, and hindering Plaintiff's collection efforts.

4. The Defendant was served with process on March 15, 2023 and filed a Motion to Dismiss pursuant to rules 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure on April 20, 2023.

5. Shortly thereafter, Plaintiff filed a Motion for Preservation of Evidence (the "**Motion**").[4] In the Motion, Plaintiff contends there is a significant risk that pertinent discovery material will be lost or destroyed in the absence of a preservation order in light of (a) the Bust Out Scheme; (b) Defendant's statutory obligation to wind-up Flopro's activities and affairs upon its dissolution; (c) BMUL's representations on October 28, 2022 concerning destruction of computers/computer data; and (d) BMUL's failure to respond to Plaintiff's inquiries from November 27, 2022 to May 10, 2023. Plaintiff also contends a preservation order would not prejudice or unduly burden the Defendant or BMUL because such an order would apply equally to both parties and would not constitute a determination that any information subject thereto is

---

[2] *Id.*

[3] A copy of Flopro's recently served Fact Information Sheet is attached hereto as ***Exhibit A***.

[4] ECF Nos. 11 (Motion for Preservation of Evidence) and 19 (Renewed Motion for Preservation of Evidence).

discoverable, relevant, or admissible.

6. On May 11, 2023, Defendant filed a Response in Opposition to the Motion (the "**Response**").[5]

7. At the outset, Plaintiff observes that the Defendant has not claimed it would be prejudiced or unduly burdened by the entry of a preservation order in this action. Nor has the Defendant objected to the scope or parameters of Plaintiff's proposed preservation order. Indeed, it is common for all parties to an action to ensure a level playing field by preserving and producing evidence that will facilitate a search for the truth that is critical to a full and fair adjudication on the merits. Nevertheless, the Defendant has raised a host of objections to entry of a preservation order here.

8. First, the Defendant contends that Plaintiff has failed to meet its burden for a preservation order because "by Plaintiff's own admission [Defendant Galasso] was not served with the preservation letter."[6] In response, Plaintiff refers the Court to the first page of the Motion which states that the Defendant was the sole member and manager of the Judgment Debtor at all relevant times and that BMUL served as the Judgment Debtor's counsel of record in the State Court Action at all relevant times. Additionally, the preservation letter attached to the Motion as Exhibit A was addressed to "Information Technology Department *& Personnel who may have possession, custody, and/or control of electronically stored information which relates in any way to the below-referenced action and properties*".[7] The opening salutation of the preservation letter likewise states "Dear Messrs. Udell and Myrick *as well as all other to whom it may concern*." Finally, pages 3 and 4 of the preservation letter state "[i]n order to assure that

---

[5] ECF No. 21.

[6] *Id*. at ¶ 2.

[7] Unless otherwise stated, emphasis is added and internal citations and quotation marks are omitted.

your obligation to preserve documents and things will be met, please forward a copy of this letter *to all persons and entities with possession, custody, and/or control of the items referred to in this letter including, but not limited to, the following*: … *(3) each of Flopro's current or former managers and/or officers including, but not limited to Lydie Brigitte Galasso*." In light of these undisputed facts, the Defendant's contention that she was not served with the preservation letter is wholly without merit.

9. Second, the Defendant contends the Court cannot enter a preservation order because she has filed a motion to dismiss based on lack of personal jurisdiction.[8] According to the Defendant, the Motion is premature until the Court adjudicates the Motion to Dismiss. In response, Plaintiff states that it has no objection to deferring disposition of the former until adjudication of the latter. Plaintiff filed the Motion early in this case because of serious concerns relevant evidence was likely to be lost or destroyed in light of the Bust Out Scheme and to avoid any laches or waiver assertions.[9]

10. Third, the Defendant contends the Court cannot enter a preservation order that encompasses BMUL because it "is not a party to this lawsuit and therefore the Court has no jurisdiction over BMUL."[10] In response, Plaintiff refers the Court to the litany of cases cited in the Motion where preservation orders were entered against parties to an action and encompassed evidence in the possession, custody and control of the parties *and* their agents, attorneys,

---

[8] ECF No. 21 (Response) at ¶ 3.

[9] *See, e.g., Collins v. Tri-State Zoological Park of W. Maryland, Inc.*, 2021 WL 5416533 at *5 (D. Md. Nov. 19, 2021) (where the grounds are apparent at an early stage and there is no agreement among the parties, "[s]uch an order should [be] sought … as part of a discovery preservation order at the initiation of the case."); 8 Charles A. Wright *et al.*, Federal Practice and Procedure § 2012 (3d. ed., Apr. 2018 Update) (explaining that "even before discovery has begun a court may enter an order directing that such materials [documents or things subject to inspection under Rule 34] be preserved for possible future use in discovery"); and Manual for Complex Litigation § 11.442 (4th ed. 2004) (directing courts to consider entering preservation orders before the initial conference and the start of discovery).

[10] ECF No. 21 (Response) at ¶ 4.

145782361.1

nominees, designees, employees, contractors, or other non-parties.  Simply stated, if BMUL has possession of any materials reasonably anticipated to be subject to discovery in this action, such materials must be preserved irrespective of whether it is a party to this action.

11.     Fourth, Defendant has filed the Declaration of Maury Udell in an effort to quell any concerns over his comments to Plaintiff's counsel on October 28, 2022 concerning the destruction of computers/computer data.  In response, Plaintiff refers the Court to Exhibit B to the Motion where it attempted to obtain clarity about Mr. Udell's comments over five months ago.  According to Mr. Udell, he rightly remained silent because he knew "the hard drive [he] actually had was a personal hard drive, [he] found no need to respond to [counsel's] November 27, 2022 email (the Sunday of Thanksgiving weekend.)" or at any time thereafter.  However, this belated clarification is also doubtful in light of Defendant's inconsistent positions that the computer at issue on October 28, 2022 was BMUL's business computer (Response at ¶ 6) or was Mr. Udell's personal home computer (Declaration at ¶¶ 5-6).  Moreover, Mr. Udell's purported preservation of "client files" and "client electronic files" (Declaration, ¶¶ 5-6) is also insufficient to assuage Plaintiff's concerns.   While the Judgment Debtor was BMUL's client at all relevant times during the State Court Action (2017 through the present), it is not clear whether or when the Defendant was BMUL's client and, if so, whether the Defendant's "communications," "documents," "electronic data," and "electronically stored information" were preserved.  If this evidence has not been previously preserved, it should be preserved now that this action has been filed.

12.     For the reasons set forth in the Motion and herein, Plaintiff respectfully submits that a preservation order should be entered to prevent the loss or destruction of evidence which would assuredly undermine the integrity of the judicial process.

Dated: May 15, 2023

Respectfully submitted,

FOX ROTHSCHILD LLP
*Attorneys for the Plaintiff/Judgment Creditor*
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Telecopier: (305) 442-6541

By: /s/ Robert F. Elgidely
    Robert F. Elgidely, Esq.
    Florida Bar No. 111856
    E-Mail: relgidely@foxrothschild.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing *Reply To Defendant's Response In Opposition To Plaintiff's Renewed Motion For Preservation Of Evidence* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means including Maury L. Udell, Esq., Beighley Myrick Udell & Lynne, P.A., 2601 South Bayshore Drive, Suite 770, Miami, Florida 33133-5413.

By:/s/ Robert F. Elgidely
    Robert F. Elgidely, Esq.

## FACT INFORMATION SHEET - BUSINESS ENTITY

Name of entity: FLOPRO LLC
Name and title of person filling out this form: Lydie Galasso, Member
Telephone number: n/a
Place of business: n/a
Mailing address (if different): n/a
Gross/taxable income reported for federal income tax purposes last three years:
$ n/a          $ n/a          $ n/a
Taxpayer Identification number: 35-2361934
Is this entity an S corporation for federal income tax purposes?  ___ Yes   x  No
Average number of employees per month  0
Name of each shareholder, member, or partner owning 5% or more of the entity's common stock, preferred stock, or other equity interest:  Lydie Galasso 100%

Names of officers, directors, members, or partners:  Lydie Galasso

Checking Account at: n/a          Account #
Savings Account at: n/a          Account #
Does the entity own any vehicles?  ___ Yes   X  No
For each vehicle please state:
Year/Make/Model: _____        Color: _____
Vehicle ID No: _____          Tag No.: _____
Mileage: _____
Names on Title: _____         Present Value: $_____
Loan Owed to: _____
Balance on Loan: $_____                       Monthly Payment: $_____
Does the entity own any real property?  ___ Yes   X  No
If yes, please state the address(es): _____

Please check if the entity owns the following:
_____ Boat
_____ Camper
_____ Stocks/bonds
_____ Other real property
_____ Other personal property

Please attach copies of the following:
1. Copies of state and federal income tax returns for the past 3 years.
2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.
3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.
4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this



**Exhibit A**

---

lawsuit was filed.

5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

7. Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8. Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

9. Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

UNDER PENALTY OF PERJURY, I SWEAR OF AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor's Designated
Representative/Title  Lydie Galasso, Member

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me this 3rd day of MAY, 20 23, by Mrs LYDIE GALASSO.
(name of person making statement)

_____
Notary Public State of ~~Florida~~ MAURITIUS
My Commission expires: LIFETIME

Personally known ✓ OR Produced identification _____
Type of identification produced _____

**YOU MUST MAIL OR DELIVER THIS COMPLETED FORM, WITH ALL ATTACHMENTS, TO THE PLAINTIFF JUDGMENT CREDITOR OR THE PLAINTIFF'S JUDGMENT CREDITOR'S ATTORNEY, BUT DO NOT FILE THIS FORM WITH THE CLERK OF THE COURT.**




Me ASHVIN KRISHNA DWARKA
Notaire
United Docks Business Park
Marina du Caudan, Port Louis
Tel: (+230) 208-7238
ashvin@dwarkachambers.com
www.office-notarial.mu

**Exhibit A**