UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60448-RUIZ/STRAUSS

**EOX TECHNOLOGY SOLUTIONS,**

    Plaintiff,

v.

**LYDIE BRIDGET GALASSO,**

    Defendant.

_____/

**ORDER DENYING RENEWED MOTION FOR PRESERVATION OF EVIDENCE**

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Preservation of Evidence [DE 19] ("Motion"). I have reviewed the Motion, the Response [DE 21] and Reply [DE 22] thereto, and all other pertinent portions of the record.

Plaintiff is a judgment creditor of Flopro LLC ("Flopro"). Plaintiff asserts that Defendant was the sole member and manager of Flopro at all relevant times (which does not appear to be disputed). In the Complaint, Plaintiff brings fraudulent transfer claims and other claims against Defendant, alleging that Defendant *and her counsel* implemented a scheme ("Scheme") to strip Flopro of its assets and that Defendant's actions, including causing alleged fraudulent transfers to be made by Flopro (to Defendant and others), have prevented Plaintiff from satisfying its judgment against Flopro.

In the Motion, Plaintiff seeks the entry of a broad preservation order requiring the parties to preserve all documents and communications (including ESI) that may be relevant to this action. Plaintiff's proposed preservation order would apparently also extend to the parties' "agents, attorneys, nominees, designees, employees, contractors, or other non-parties who possess

materials reasonably anticipated to be subject to discovery in this action." [DE 19-1] ¶ A. At a minimum, it appears that Plaintiff seeks to have the preservation order apply to Defendant and her counsel in this case, who also serves as Flopro's counsel in the state court case in which Plaintiff obtained its judgment against Flopro.

When a preservation order is requested, courts often consider the following factors in deciding whether to grant such a request:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*E.g.*, *Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 10666946, at *1 (S.D. Fla. Apr. 13, 2009) (quoting *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004)); *see also Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, No. 10-62411-CIV, 2011 WL 13096972, at *2 (S.D. Fla. Dec. 30, 2011). Several other courts have instead applied a test that requires the party seeking the entry of a preservation order to show that the order is both necessary and not unduly burdensome. *See, e.g.*, *Arkin v. Gracey-Danna, Inc.*, No. 8:16-CV-1717-T-35AAS, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016). Either way, both tests appear to account for similar considerations.[1]

---

[1] *Cf. Robinson v. Gielow*, No. 3:14CV223/LAC/EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015) ("The difference between these two tests lies in what the moving party must show with respect to the content of the evidence that is in danger of being destroyed. However, the distinction is more apparent than real." (quoting *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006))).

Here, Plaintiff contends that the entry of a preservation order is necessary and appropriate for a few reasons: (1) due to the alleged Scheme; (2) because Defendant transferred Flopro's assets away as part of the alleged Scheme and allowed Flopro to be administratively dissolved after Plaintiff obtained its judgment against Flopro; (3) because, in October 2022, Plaintiff's counsel observed Defendant's counsel with a hard drive, and Defendant's counsel stated that "he worked with a company that destroyed computers/computer data and was bringing [the hard drive] into [his] office for that purpose," Motion at 3, 6; and (4) because Defendant's counsel did not respond to Plaintiff's counsel a month later (in November 2022) when Plaintiff's counsel requested additional information regarding the destruction of computer data.  For these reasons, Plaintiff contends that there is a significant risk that evidence will be lost or destroyed absent the entry of a preservation order.

However, none of the reasons Plaintiff lists show that a preservation order is necessary in this case.  Nor do the proffered reasons create a high level of concern that evidence will be lost or destroyed if a preservation order is not entered.  While the third and fourth reasons Plaintiff offers potentially concern the destruction of evidence (as phrased by Plaintiff), Plaintiff does not contend or show that the hard drive at issue had anything to do with this case or that Defendant's counsel was acting surreptitiously or unethically in destroying it.  Regardless, Defendant's counsel has submitted a declaration with Defendant's response in which he states that the hard drive he had with him was a personal hard drive and that any time his firm destroys a hard drive (in the normal course of business), it first transfers the data on the hard drive.  In light of counsel's uncontested statements in the declaration,[2] there is simply no basis upon which the Court can conclude that a

---

[2] While paragraph 11 of Plaintiff's reply takes issue with certain statements in the declaration, Plaintiff has not provided any factual basis upon which the statements – made by an officer of the Court under penalty of perjury – can be rejected.

3

preservation order is necessary or that Defendant (or her counsel, who is an officer of the Court) will destroy (or otherwise fail to maintain) relevant evidence. After all, Defendant already has a duty to preserve relevant evidence even without the entry of a preservation order. *See Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 20-11141, 2022 WL 433457, at *14 (11th Cir. Feb. 14, 2022); *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008); *see also Heid v. Mohr*, No. 2:18-CV-00311, 2020 WL 2764029, at *3 (S.D. Ohio May 28, 2020) ("Generally, preservation orders are unnecessary because parties to civil litigation have a duty to preserve relevant information." (cleaned up)).

As to the issue of irreparable harm, the failure to preserve relevant evidence is likely to cause harm in any case, but Plaintiff has not shown that irreparable harm is likely to result in this case *absent the entry of a preservation order*. For instance, Plaintiff does not point to any relevant evidence that has already been lost or destroyed (intentionally or otherwise) or any specific relevant evidence that may be lost or destroyed absent the entry of a preservation order. Nor does Plaintiff point to some retention policy that will result in the destruction of relevant evidence in the normal course of business absent the entry of a preservation order.[3] While Plaintiff does contend generally that there is a risk of evidence being destroyed due the administrative dissolution of Flopro and the wind-up of Flo-pro's activities and affairs, this general contention alone is not enough to convince the Court that a preservation order is needed or that irreparable harm will result without one.

Finally, Plaintiff has not shown that the broad preservation order it seeks will not be unduly burdensome, and Plaintiff has not addressed in any real substantive manner Defendant's capability

---

[3] *Cf. Arkin*, 2016 WL 3959611, at *2 ("Plaintiff demonstrates a risk that relevant and existing evidence is in danger of being destroyed or was in danger of being destroyed at the time he filed his motion for preservation as a result of WestFax's alleged retention policies. In addition, because WestFax is not a party to this litigation and has no duty to preserve evidence absent a court order, the need for preservation is all the more pressing.").

4

"to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *Angrignon*, 2009 WL 10666946, at *1. To support this factor and the issue of burden, Plaintiff merely contends: (1) that "a preservation order would not prejudice or unduly burden the Defendant or [her counsel] because such an order would not determine that any information subject thereto is discoverable, relevant, or admissible," Motion at 3; and (2) Defendant and her counsel "have the capability to maintain the evidence sought to be preserved without significant financial burden" especially given that "Defendant received the fruits of Flopro's assets after" Plaintiff obtained a judgment against Flopro, Motion at 9. Plaintiff's first contention – regarding non-waiver of objections based on relevance, etc. – goes without saying. But it does not go to the issue of undue burden or address issues of physical, spatial, or financial burdens. And Plaintiff's second generalized contention, while referencing the term "financial burden," does not actually address in any specific manner what financial burden, if any, Plaintiff's proposed preservation order may impose.

Ultimately, having considered the requirements that other courts have examined in this context, and having considered the parties' arguments, I find that Plaintiff has failed to establish that a preservation order is necessary or appropriate. Therefore, it is **ORDERED and ADJUDGED** that the Motion [DE 19] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 16th day of May 2023.

*/s/ Jared Strauss*
**Jared M. Strauss**
**United States Magistrate Judge**